**Andrew M. Morrow, III, Esq., State Bar No. 128300**
**Sako Demirjian, Esq., State Bar No. 348609**
**DOWNTOWN L.A. LAW GROUP**
910 S. Broadway
Los Angeles, CA 90015
Tel: (213)389-3765
Fax: (877)389-2775
Email: Andy.morrow@downtownlalaw.com
Email: sako@downtownlalaw.com

Attorneys for Plaintiff,
ANNA TAGORDA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA TAGORDA, an individual. <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., a Delaware corporation; and DOES 1-25, inclusive. <br><br> Defendants. | Case No.: 2:24-cv-04742-PA-MAR <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **1.      NEGLIGENCE** <br><br> [JURY DEMANDED] |

COMES NOW, Plaintiff, ANNA TAGORDA, and alleges against Defendants, and each of them, as follows:

1. At all times relevant, Plaintiff ANNA TAGORDA, an individual, was and is a citizen of the State of California, and within the jurisdiction of the Central District of California.

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

2.	Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto Defendants DELTA AIR LINES, INC., a Delaware corporation; and DOES 1-25, inclusive, are, and at all times herein mentioned were individuals, corporations, sole proprietors, shareholders, associations, partners and partnerships, joint venturers, and/or business entities unknown, primarily doing business in Fulton County, State of Georgia, and with DELTA AIR LINES, INC.'s principal place of business being located at 1030 Delta Boulevard, Atlanta, GA 30354.

## JURISDICTION AND VENUE

3.	Pursuant to 28 U.S.C. § 1332 the parties to the action, Plaintiff on the one hand and all Defendants on the other, are citizens of different states, and the amount in controversy exceeds $75,000 placing jurisdiction over the subject matter of the herein action properly with this court.

4.	Venue is proper in the United States District Court, Central District of California pursuant to 28 USC 1391(c)(1) because Plaintiff resides in the judicial district within the Central District of California. The Court has Jurisdiction under 28 United States Code (U.S.C.) § 1332.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5.	Plaintiff is informed and believes, and based thereon alleges, that at all times alleged herein, Defendant DELTA AIR LINES, INC., a Delaware corporation; and DOES 1-25, inclusive, owned, managed, and/or operated Delta Flight DL308 from JFK to LAX (hereinafter, the "PREMISES").

6.	The true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will ask leave of court to amend this Complaint when the same have been ascertained; Plaintiff is informed and believe, and upon such information and belief allege, that each Defendant designated herein as a "DOE" was

1. responsible, negligently, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff as hereinafter alleged.

7. Plaintiff is informed and believes and thereon alleges that at all times material herein each fictitiously named Defendant was either the true Defendant or the agent and employee of each other Defendant and in doing the things alleged herein was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

8. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each Defendant conspired with, aided and abetted each and every other Defendant in committing the acts and omissions alleged herein.

9. On or about December 1, 2023, Plaintiff ANNA TAGORDA was a passenger on Defendants' flight DL308 from JFK to LAX. Plaintiff requested a cup of hot water from Defendants' employees. While lawfully on such PREMISES, Plaintiff did in fact order a cup of hot water (the "WATER") from Defendants.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants)

10. At the time that Plaintiff requested the hot WATER, such WATER had been maintained by Defendants at a temperature sufficiently hot so as to pose a risk of serious injury to persons such as Plaintiff. Defendants knew, or in the exercise of reasonable caution, should have known that, were such WATER to come into direct contact with a human body, it would cause serious injury, including but not limited to second and third-degree burns.

///

11. After Plaintiff requested the WATER from Defendants, Defendants' agent, acting in the course and scope of employment, poured the WATER which Plaintiff had requested into a cup (the "CUP"), placed a lid (the "LID") over the CUP, and then proceeded to hand the CUP to Plaintiff.

12. Unbeknownst to Plaintiff, prior to handing the CUP containing the dangerous WATER to Plaintiff, Defendants' agent had negligently failed to securely attach the LID to the CUP, rendering such CUP unstable and dangerous, and creating a foreseeable danger which Defendants knew, or in the exercise of reasonable caution should have known, posed a substantial risk of injury to persons such as Plaintiff.

13. Furthermore, Defendant's agent failed to exercise due care in packaging the CUP containing the dangerous WATER for Plaintiff, but instead handed such CUP to Plaintiff in a careless and negligent fashion so that the CUP spilled the WATER on Plaintiff as to cause the injuries hereinafter alleged.

14. Plaintiff, reasonably believing that the LID was securely attached to the CUP, that it was stable and safe to take hold of, and relying upon that belief, took the CUP from Defendants' agent without knowing that the CUP was actually unstable and dangerous due to the LID not having been securely attached by Defendants and/or that it was dangerous due to the careless and negligent manner in which Defendants' agent packaged the CUP for Plaintiff.

15. As Plaintiff placed the CUP containing the dangerous WATER on her tray table, the LID suddenly came off the CUP and the dangerously hot WATER spilled onto Plaintiff, causing second and third degree burns and other injuries.

16. As a result of this incident, Plaintiff ANNA TAGORDA has sustained severe physical, mental and emotional injuries of which she may never fully recover.

///

17. Plaintiff is informed and believes, and based thereon alleges, that Defendants DELTA AIR LINES, INC., a Delaware corporation; and DOES 1-25, inclusive, were the owners, managers, and/or maintainers of the PREMISES at the time of said incident, and were the employers, hirers, trainers and supervisors of their agent who negligently served the WATER to Plaintiff as hereinabove alleged, and that they had a duty to put proper safeguards in place to protect Defendants' customers, consumers and patrons which legally and lawfully patronize such restaurant in the ordinary course of Defendants' business.

18. At all times herein mentioned, Defendants, and each of them, negligently, carelessly, recklessly, and/or otherwise unlawfully manufactured, owned, leased, occupied, operated, controlled, managed, maintained, and/or otherwise exercised dominion over the CUP, LID and WATER, causing such CUP, LID and WATER to be in a dangerous, defective, deteriorated, and/or otherwise unsafe condition.

19. At all times herein mentioned, Defendants, and each of them, negligently, carelessly, recklessly and/or otherwise unlawfully employed, hired, trained and supervised their agent who served the hot WATER to Plaintiff as hereinabove alleged.

20. By reason of the foregoing, Defendants, and each of them, are liable for, and Plaintiff is entitled to recover, general, special, actual and compensatory damages, including, but not limited to, her necessary medical and related expenses, loss of earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, in an amount presently unknown but exceeding the minimum jurisdictional limit of this Court, according to proof.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For general damages in a sum according to proof;
2. For medical, hospital, and related expenses according to proof;
3. For loss of earnings according to proof;
4. For loss of future earning capacity according to proof;
5. For pre- and post-judgment interest and costs of suit incurred herein;
6. For such other and further relief as this Court may deem proper.

DATED:  June 12, 2024            **DOWNTOWN L.A. LAW GROUP**

_____
Andrew M. Morrow, III, Esq.
Sako Demirjian, Esq.
Attorneys for Plaintiff,
ANNA TAGORDA

**JURY TRIAL DEMANDED**

Plaintiff demands trial by jury of all issues so triable.

DATED:  June 12, 2024            **DOWNTOWN L.A. LAW GROUP**

_____
Andrew M. Morrow, III, Esq.
Sako Demirjian, Esq.
Attorneys for Plaintiff,
ANNA TAGORDA

**FIRST AMENDED COMPLAINT FOR DAMAGES**